# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SIARHEI VIANTSKO,

    Petitioner,

    v.

CRAIG A. LOWE, *et al.*,

    Respondents.

No. 4:26-CV-00563

(Chief Judge Brann)

## MEMORANDUM OPINION

### APRIL 9, 2026

Siarhei Viantsko has been detained for approximately seven months; for the first five months of his detention, the Government steadfast refused to provide him with a bond hearing. This Court then intervened and directed that the Government provide Viantsko with a bond hearing, which it did in February of 2026. Viantsko was ultimately denied bond.

Viantsko now requests that this Court order him released from custody based upon the excessive duration of his confinement. While the Court is not unsympathetic to Viantsko's plight, the record as currently constituted indicates that he has received the due process to which he is entitled. Viantsko received a bond hearing less than two month ago, and while there may be a point at which Viantsko's detention without a second bond hearing will become unnecessarily prolonged, that day is not today. Moreover, it may be that the bond hearing conducted below was

constitutionally deficient, but Viantsko has not argued or proven such a deficiency, nor are there sufficient facts available in the record for the Court to reach such a conclusion. Consequently, Viantsko's 28 U.S.C. § 2241 petition must be denied.

## I.   BACKGROUND

Viantsko filed this 28 U.S.C. § 2241 petition alleging that his continued civil detention violates his due process rights under the Fifth Amendment to the United States Constitution.[1]  Specifically, Viantsko alleges that his detainment now exceeds a presumptively reasonable duration, and he is therefore entitled to release or a bond hearing at which the Government bears the burden of proving that he is dangerous.[2]

Viantsko is a citizen of the Republic of Belarus who entered the United States of America in November of 2022 and was later paroled while his application for asylum was pending.[3] He then obtained an employment application document and was lawfully employed in this country, where he was the primary financial provider for his wife and three children.[4]

In March of 2025, Viantsko was charged with making a statement under penalty of perjury and he later pled guilty to disorderly conduct.[5] On August 20, 2025, Viantsko was arrested on his way to work and has remained in ICE custody

---

[1]   Doc. 1.
[2]   *Id.*
[3]   *Id.* at 4-5.
[4]   *Id.* at 6.
[5]   *Id.*

since that date; he is currently detained at the Pike County Correctional Facility, located within the Middle District of Pennsylvania.[6]

In December of 2025, Viantsko filed a 28 U.S.C. § 2241 petition challenging his continued detention without a bond hearing under 8 U.S.C. § 1225(b).[7] This Court agreed that Viantsko was entitled to a bond hearing pursuant to 8 U.S.C. § 1226(a) and directed the Government to provide him with such a hearing or release him from custody.[8] Four days later, on February 9, 2026, an Immigration Judge ("IJ") held a bond hearing and denied bond for Viantsko.[9] The IJ's order denying bond is, at best, cursory, stating simply "Denied, because Danger."[10] No transcripts of the underlying hearing have been provided to this Court.

While this was occurring, Viantsko was scheduled to have a merits hearing regarding his asylum claim on November 19, 2025, but that hearing was terminated early as the IJ had allocated only two hours for the hearing, which was insufficient.[11] A second merits hearing was scheduled for February 11, 2026, but that hearing was rescheduled to February 17, 2026.[12] The hearing was again delayed because the IJ's

---

[6]   *Id.* at 5.
[7]   *Viantsko v. Lowe*, 4:25-CV-02523, ECF No. 1 (M.D. Pa., Dec. 29, 2025).
[8]   *Id.* ECF Nos. 14, 15 (M.D. Pa. Feb. 5, 2026).
[9]   Doc. 1 at 7.
[10]  Doc. 5-5 at 2.
[11]  Doc. 1 at 7.
[12]  *Id.* at 8.

schedule had been overbooked, and rescheduled for March 20, 2026.[13] That hearing was yet again rescheduled because the IJ did not appear at court that day.[14]

On March 9, 2026, Viantsko filed the present 28 U.S.C. § 2241 petition.[15] Viantsko alleges that he has now been detained for more than seven months—an unreasonable duration that violates his due process rights—and he therefore must be released or provided a bond hearing at which the Government bears the burden of proving that he is dangerous.[16] He contends that, under precedent from the United States Court of Appeals for the Third Circuit in a line of cases addressing mandatory detention under § 1226(c), his detention exceeds the six-month mark for a reasonable length of detention.[17] Moreover, Viantsko asserts that his detention is unlikely to end soon, the Government's conduct has caused the delays in adjudicating his asylum application, and his conditions of confinement are not meaningfully different from criminal punishment.[18]

The Government responds that Viantsko is not constitutionally entitled to a second bond hearing at this time.[19] It argues that, pursuant to binding Third Circuit

---

[13]   *Id.*
[14]   Doc. 6 at 3.
[15]   Doc. 1.
[16]   *Id.*
[17]   *Id.* at 9, 12.
[18]   *Id.* at 9-10, 12-13.
[19]   Doc. 5. The Government disputes this Court's authority to examine and adjudicate the IJ's bond determination. *See id.* at 5-10. However, Viantsko clarifies in his reply brief that, "despite the [bond] determination's constitutional inadequacy," he does not request that the Court review the IJ's decision. Doc. 6 at 4; *see id.* at 4-6. This Court therefore need not address the issue at this time. However, it notes that district courts may review the adequacy of an IJ's

case law, the hearing mandated by 8 U.S.C. § 1226(a) was sufficient to satisfy Viantsko's due process rights, and his detention has not become unconstitutionally prolonged.[20]

Viantsko has filed a reply brief, rendering this matter ripe for disposition.[21] For the reasons discussed below, the petition will be denied.

## II.    DISCUSSION

Viantsko brings his claims pursuant to 28 U.S.C. § 2241, which provides, as relevant here, that it applies to any individual who "in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States."[22] As the Supreme Court of the United States has emphasized, when ICE detainees challenge "their confinement" pending removal, "their claims fall within the 'core' of the writ of habeas corpus and thus must be brought in" a 28 U.S.C. § 2241 petition.[23]

Viantsko attempts to build a case for release or a bond hearing on a series of Third Circuit cases that have held an individual subject to mandatory detention,

---

denial of bond under certain circumstances. *See, e.g., Zheng v. Rokosky*, No. 26-CV-01689, 2026 WL 800203 (D.N.J. Mar. 23, 2026) (reviewing constitutional adequacy of immigration judge's bond hearing and determination). Here, the IJ's cursory order itself provides no confidence that constitutional safeguards were met, but the Court cannot reach any definitive determination without a transcript of hearing, which may contain a detailed—or at least constitutionally adequate—explanation for the IJ's determination. So, even if issue were properly raised here, Court would be unable to analyze such a claim on the current record.

20    Doc. 5 at 10-12.
21    Doc. 6.
22    28 U.S.C. § 2241(c)(2).
23    *Trump v. J.G.G.*, 604 U.S. 670, 672 (2025).

pursuant to 8 U.S.C. § 1226(c), has a due process right to a bond hearing after their detention becomes unreasonably lengthy.[24] But this sidesteps the reality that Viantsko is detained pursuant to 8 U.S.C. § 1226(a) and has already received a bond hearing in accordance with that statute.[25]

The Third Circuit in *Borbot v. Warden Hudson County Correctional Facility* considered an argument that, after receiving a bond hearing that ended unfavorably, and after "the IJ denied [a] request for a redetermination hearing, about a year into [an individual's] detention, [the individual] was entitled to a second bond hearing, this time with the government bearing the burden of proof."[26] The "sole basis" for the appellant's due process challenge was the duration of his confinement.[27]

The Third Circuit rejected that challenge, finding no authority "to suggest that duration alone can sustain a due process challenge by a detainee who has been afforded the process contemplated by § 1226(a) and its implementing regulations."[28] That court distinguished prior cases related to § 1226(c), finding that "the

---

[24] *See* Doc. 8 at 8-9 (citing *Diop v. ICE/Homeland Sec.*, 656 F.3d 221, 233 (3d Cir. 2011); *Chavez-Alvarez v. Warden York Cnty. Prison*, 783 F.3d 469, 475-78 (3d Cir. 2015); *German Santos v. Warden Pike Cnty. Corr. Facility*, 965 F.3d 203, 211 (3d Cir. 2020)).

[25] Viantsko asserts that it is "curious[]" that Respondents previously held steadfast to their position that Viantsko was detained under 8 U.S.C. § 1225(b), but now "make the contrary assertion that Petitioner is indeed, detained under 8 U.S.C. § 1226(a)." Doc. 6 at 7. But this is not curious at all. The Government maintained its assertion that Viantsko was subject to mandatory detention under § 1225(b), but this Court held that Viantsko must be detained under § 1226(a) and therefore provided a bond hearing. *Viantsko v. Lowe*, 4:25-CV-02523, ECF Nos. 14, 15 (M.D. Pa., Feb. 5, 2026). The Government has simply heeded that directive, as it must under our Constitution.

[26] 906 F.3d 274, 276-77 (3d Cir. 2018).

[27] *Id.* at 276.

[28] *Id.* at 277.

reasonableness inquiry [performed in those cases] is inappropriate in the context of § 1226(a)."[29] In § 1226(c) cases, "due process entitles . . . detainees to a bond hearing at some point, with the exact time varying with the facts of the case," whereas there the appellant "was afforded a prompt bond hearing, as required by § 1226(a) and its implementing regulations."[30]

Given that the individual had been "granted meaningful process prior to filing his habeas petition," there was no due process concern presented in *Borbot*.[31] The Third Circuit, however, noted its concern "that, despite an initial bond hearing, detention under § 1226(a) might become unreasonably prolonged, whether by virtue of government delay or some other cause."[32] But because the appellant had failed "to identify a basis in the record to demonstrate that this is such a case," it declined to decide "decide when, if ever, the Due Process Clause might entitle an alien detained under § 1226(a) to a new bond hearing."[33]

Viantsko uses that last language to argue that *Borbot* does not control here, as he—unlike the appellant there—does identify a basis to conclude that his detention has become unreasonably prolonged.[34] However, the plain holding of *Borbot* demonstrates "that [although Viantsko's claim] may be available in an extreme case,

---

[29]   *Id.* at 278.
[30]   *Id.*
[31]   *Id.* at 279.
[32]   *Id.* at 280.
[33]   *Id.*
[34]   Doc. 6 at 7-10.

even a two year detention period did not in and of itself warrant relief in light of the procedural mechanisms—including bond appeals and bond redeterminations in the immigration courts—available to section 1226(a) detainees."[35]

Even assuming, however, that *Borbot* is not controlling and the roughly six-month benchmark[36] developed by the Third Circuit for use in § 1226(c) cases would apply here, Viantsko's claim still fails. Viantsko ties the alleged due process violation with the overall length of his detention.[37] However, the due process right at issue here—and the duration that must be considered in determining whether such right has been violated by prolonged detention—must instead be tethered to the length of time since a detainee previously received a bond hearing.

In cases that consider this question, the due process right at issue is not the right to be released from custody, but the right to receive a constitutionally-adequate bond hearing—it is the bond hearing itself that provides due process.[38] Here,

---

[35] *Onuwa v. Field Off. Dir.*, No. 26-2403 (MAS), 2026 WL 772435, at *2 (D.N.J. Mar. 19, 2026).

[36] The Third Circuit has always been clear that rough benchmarks are just that—guides that are not dispositive, since the period of time at which continued confinement without a bond hearing violates an individual's due process rights "may differ case by case." *Chavez-Alvarez*, 783 F.3d at 474-75. *See German Santos*, 965 F.3d at 211 ("we do not read *Demore*, *Diop*, and *Chavez-Alvarez* as setting a bright-line threshold at five months, six months, or one year" as the Third Circuit has "explicitly declined to adopt a presumption of reasonableness or unreasonableness of any duration").

[37] *See* Doc. 6 at 8 ("the length of detention without a bond hearing . . favors [Viantsko] because he has been detained for over seven months").

[38] *See, e.g., Diop*, 656 F.3d at 234 (continued "detention, without any . . . hearing inquiry into whether it was necessary to accomplish the purposes" of such detention violated petitioner's due process rights); *Chavez-Alvarez*, 783 F.3d at 478 ("beginning sometime after the six-month timeframe . . . and certainly by the time Chavez–Alvarez had been detained for one year, the burdens to Chavez–Alvarez's liberties outweighed any justification for using presumptions to detain him without bond to further the goals of the statute" as the goals of the mandatory

Viantsko does not provide enough information to conclude that the bond hearing he received was constitutionally infirm, so the only appropriate benchmark by which to measure the constitutionality of his continued confinement is that initial bond hearing. A contrary ruling would lead to plainly untenable results: an individual detained longer than six months (or whatever timeframe would trigger a required bond hearing in that individual's unique circumstances) who is dissatisfied with the results of his bond hearing could simply request a new bond hearing every day thereafter until he receives a more favorable outcome.

Viantsko received a bond hearing on February 9, 2026—less than two months ago.[39] Under any definition, his relatively brief detention since that date without a bond hearing does not violate his due process rights.[40] It may well be that Viantsko does not present a danger or flight risk, and that his continued detention effects an injustice. But that is not the question presented to this Court. Under the current record, Viantsko's petition must be denied.

---

detention statute "will not now be undermined by requiring the Government to produce individualized evidence that Chavez–Alvarez's continued detention was or is necessary"); *German Santos*, 965 F.3d at 213 (finding that detainment "for more than two-and-a-half years . . . is an unreasonably long time" and the appellant was "thus entitled to a bond hearing to gauge whether he still needs to be detained to keep him from fleeing or committing more crimes").

[39]  Doc. 1 at 7.

[40]  *Cf. Michelin v. Warden Moshannon Valley Corr. Ctr.*, __ F.4th __, __, No. 24-2990, 2026 WL 263483, at *11 (3d Cir. Feb. 2, 2026) ("Detention becomes more and more suspect after five months" (quoting *German Santos*, 965 F.3d at 211)).

## III.    CONCLUSION

For the foregoing reasons, Viantsko's 28 U.S.C. § 2241 petition will be denied.

An appropriate Order follows.

BY THE COURT:


*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

10